IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WORLD TRUCK TOWING & RECOVERY, INC<br>4970 PARK AVENUE W<br>SEVILLE, OHIO 44273<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MANOUGIAN dba SLM TRUCKING<br>2029 VERDUGO BLVD. #202<br>MONTROSE, CA 91020<br><br>And<br><br>STONYFIELD FARM, INC<br>10 BURTON DRIVE<br>LONDONDERRY, NH 03053<br><br>And<br><br>3PL SOLUTIONS, LLC<br>c/o HAROLD S. MCCORMICK<br>29 THOMAS ROAD<br>WELLESLEY, MA 02482<br><br>And<br><br>ASA CLAIMS, INC.<br>c/o SPIEGEL $& UTRERA, P.A.<br>8939 S. SEPULVEDA BLVD. #400<br>LOS ANGELES, CA 90045<br><br>And<br><br>CUSTARD INSURANCE ADJUSTERS, INC.<br>c/o NATIONAL REGISTERED AGENTS, INC.<br>2200 EASTON COMMONS WAY #125<br>COLUMBUS, OH 43219<br><br>Defendants. | CASE NO:<br><br>JUDGE:<br><br><br><br><u>**JURY DEMAND ENDORSED**</u><br><u>**HEREON**</u><br><br><br><br><br><u>**COMPLAINT**</u> |

1

Now comes Plaintiff World Truck Towing & Recovery, Inc. ("World Truck") and for its complaint against Kevin Manougian ("Manougian") doing business as SLM Trucking ("SLM"), Stonyfield Farm, Inc. ("Stonyfield"), 3PL Solutions, LLC ("3PL"), ASA Claims, Inc. ("ASA"), and Custard Insurance Adjusters, Inc. ("Custard"), states as follows:

## PARTIES

1. World Truck is a corporation duly organized and validly existing under the laws of the State of Ohio and has its principal place of business located at 4970 Park Avenue West, in the Village of Seville, County of Medina, Ohio.

2. SLM is a d/b/a for defendant Manougian and he resides in the State of California, operating his truck in the State of Ohio. Manougian has a mailing address of 2029 Verdugo Blvd., #202, Montrose, California 91020.

3. SLM and Manougian are the owner operators of a Tractor Trailer which was in an accident which forms the subject matter of this dispute.

4. Stonyfield is a corporation organized in the State of New Hampshire which has the Lousie Kaymen as its statutory agent with a principal place of business address of 10 Burton Drive, Londonderry, New Hampshire 03053. Stonyfield is the owner of the Cargo that was involved in the accident.

5. 3PL is a limited liability company organized in the State of Massachusetts having Harold S. McCormick as its statutory agent with a mailing address of 29 Thomas Road, Wellesley, Massachusetts 02482.

6. ASA is a corporation organized in the State of California having Spiegel & Utera, P.A. as its statutory agent with the mailing address of 8939 S. Sepulveda Blvd. #400, Los Angeles, California, 90045.

7. Custard is a corporation organized in the State of Indiana that is registered in Ohio as a foreign entity conducting business in the State of Ohio and having National Registered Agents, Inc. as its statutory agent with a mailing address of 440 Easton Commons Way #125, Columbus, Ohio, 43219.

8. World Truck is engaged in the business of providing towing, recovery, repair, disposal and storage services to disabled trucks and vehicles.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action based upon diversity of citizenship, pursuant to 28 USC §1332. 28 USC §1332(a)(1) provides that this Honorable Court shall have original jurisdiction of all civil cases wherein the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

10. Complete diversity of citizenship exists between Plaintiff and all named defendants and the amount in controversy exceeds $75,000.

11. Venue for this matter is proper in the Eastern Division of this Honorable Court, by operation of 28 U.S.C. §1391(b)(2) and Rules 3.8(a) and 3.8(b) of the Local Rules for the United States District Court for the Northern District of Ohio because a substantial part of the events or omissions giving rise to Plaintiffs claims occurred in this judicial district.

## GENERAL ALLEGATIONS

12. World Truck incorporates the above paragraphs as if fully re-written herein.

13. On or about February 14, 2019, Defendants Manougian and SLM were traveling on an Interstate 271 southbound ramp attempting to merge onto Interstate 71 South.

14. While traveling, Manougian and SLM were in an accident that caused their tractor and trailer to roll over ("Accident").

15. Manougian and SLM were hauling 39,000 lbs. of yogurt ("Cargo").

16. World Truck arrived on the scene and immediately detected a fuel leak.

17. Accordingly, World Truck dispatched a Hazmat Trailer and a Certified Hazmat Recovery Specialist to contain and stop the fuel leak.

18. Due to the severity of the Accident, both the tractor and trailer were "put out of service" by the Ohio Department of Transportation.

19. Thus, World Truck dispatched an additional heavy wrecker to the scene to move the truck and trailer to a safer location.

20. The trailer was ripped open exposing the "Cargo".

21. All Defendants authorized World Truck to off-load the Cargo.

22. Accordingly, World Truck dispatched a "Roll Off" Truck, laborers, two skid steers and three 20 yard Roll Off bins.

23. World Truck also used heavy duty recovery units to slide the tractor trailer uphill out of the ditch towards the roadway to enable unloading of the Cargo.

24. World Truck used a chop saw and cut-off wheels to remove broken parts of the trailer to gain full access to the Trailer, then World Truck's team shoveled and stacked the Cargo and ultimately dumped the Cargo into World Truck's Roll Off bins.

25. Once the Cargo was off loaded, it was hauled to Word Truck's storage lot.

26. World Truck continued to clear the accident site and road debris (primarily mud and pieces of the tractor and trailer) with skid steers and further prepared the tractor and trailer for recovery.

27. Utilizing a heavy-duty rotator and large recovery unit, World Truck successfully positioned the tractor and trailer in their upright positions and ultimately towed the units back to World Truck's storage lot.

28. With the approval from all Defendants, World Truck ultimately disposed of the Cargo on their behalf.

29. Accordingly, World Truck has claims for its transition loading, moving, storage of the tractor and trailer, and for removal, storage and disposal of the Cargo.

30. Although World Truck was partially paid for certain services, there remains a balance due.

31. After partial payment, the remaining balance due for services rendered by World Truck and accepted by Defendants is in excess of $200,000. Invoices for these services are attached as exhibits "A - D" and are incorporated by reference.

32. World Truck has requested that Defendants pay this sum, but defendants have refused and continue to refuse to pay World Truck.

33. In addition to the above amounts, storage and interests continue to accrue, and World Truck's total damages, including punitive damages for the Defendants willful refusal to pay and attorneys' fees will be determined at trial.

## COUNT ONE
## BREACH OF CONTRACT
## MANOUGIAN AND SLM
## (TRACTOR TRAILER SERVICES)

34. World Truck incorporates all the above paragraphs as if fully re-written herein.

35. On February 14, 2019, SLM's Tractor Trailer was traveling on the Interstate 271 south bound ramp attempting merge on to Interstate 71.

36. SLM's Tractor Trailer, carrying 39,000 lbs. of yogurt, rolled over and became totally disabled.

37. Upon arrival at the scene, World Truck discovered a fuel leak and dispatched its Hazmat Trailer along with a Certified Hazmat Recovery Specialist to contain and stop the fuel leak.

38. The Ohio Department of Transportation deemed both the tractor and the trailer were out of service.

39. Accordingly, World Truck dispatched an additional heavy wrecker in order to move the truck and trailer to a safe area.

40. At all times, World Truck fully performed all requested tractor and trailer services.

41. Thus, World Truck entered into a contract with Manougian and SLM to safely stop the fuel leak, recover, tow and remove Defendant's tractor and trailer from the above referenced Accident and store the tractor and trailer at its location. Although partial payment has been made, continuous storage charges continue to accrue and defendants Manougian and SLM remain liable to World Truck for it breach of contract related to the towing, recovery and storage of the tractor and trailer.

42. In this regard, World Truck has been damaged in excess of $75,000, plus an additional addition accruing storage charges, costs and attorneys' fees for Manougian and SLM's breach of contract.

## COUNT TWO
## BREACH OF CONTRACT
## ALL DEFENDANTS
## (CARGO SERVICES)

43. World Truck incorporates all of the above paragraphs as if fully re-written herein.

44. On February 14, 2019, SLM's Tractor Trailer was traveling on the Interstate 271 south bound ramp attempting merge on to Interstate 71.

45. SLM's Tractor Trailer, carrying 39,000 lbs. of yogurt ("Cargo") rolled over and became totally disabled.

46. The trailer was ripped open exposing the Cargo.

47. On February 14, 2019, Manougian, SLM, and Custard as SLM's agent promised to pay for all services related to the Cargo.

48. World Truck directly communicated with Defendants Manougian, SLM, Custard, ASA, Stonyfield, and 3PL for the removal, storage, and disposal of the Cargo.

49. On March 12, 2019, 3PL as agent for Stonyfield authorized the destruction and disposal of the Cargo.

50. Adrianna Perdomo of Custard expressly communicated to World Truck that it may destroy and dispose of the Cargo.

51. World Truck, in reliance upon the promises of defendants Manougian, SLM, Custard, ASA, Stonyfield, and 3PL fully performed the removal, storage and disposal of the Cargo.

52. Defendants continue to refuse to pay for the services received and are in breach of the contract entered into between all Defendants and World Truck for Cargo services.

53. In this regard, World Truck has been damaged in excess of $75,000, plus an additional addition accruing storage charges, costs and attorneys' fees for Defendants' breach of contract.

## COUNT THREE
## FRAUD
## MANOUGIAN AND SLM
## (TRACTOR TRAILER SERVICES)

54. World Truck incorporates all the above paragraphs as if fully re-written herein.

55. On February 14, 2019, SLM's Tractor Trailer was traveling on the Interstate 271 south bound ramp attempting merge on to Interstate 71.

56. SLM's Tractor Trailer, carrying 39,000 lbs. of yogurt, rolled over and became totally disabled.

57. Upon arrival at the scene, World Truck discovered a fuel leak and dispatched its Hazmat Trailer along with a Certified Hazmat Recovery Specialist to contain and stop the fuel leak.

58. The Ohio Department of Transportation deemed both the tractor and the trailer were out of service.

59. Accordingly, World Truck dispatched an additional heavy wrecker in order to move the truck and trailer to a safe area.

60. At all times, World Truck fully performed all requested Tractor Trailer services.

61. On February 14, 2019, Manougian, SLM, and Custard falsely represented to World Truck that they would pay for all services related to the recovery, clean up, tow and storage related to World Truck's tractor and trailer services.

62. On February 14, 2019, Manougian and SLM knowingly made false representations to World Truck that they would pay for all tractor and trailer services.

63. On February 14, 2019, World Truck justifiably relied upon the false promises of Manougian and SLM to its detriment and preformed all necessary recovery, clean-up, tow and related storage services.

64. Accordingly, World Truck has been damaged in excess of $75,000, plus additional accruing storage charges, punitive damages and attorneys' fees for Manougian's and SLM's knowing fraud.

## COUNT FOUR
## FRAUD
## ALL DEFENDANTS
## (CARGO SERVICES)

65. World Truck incorporates all of the above paragraphs as if fully re-written herein.

66. On February 14, 2019, SLM's Tractor Trailer was traveling on the Interstate 271 south bound ramp attempting merge on to Interstate 71.

67. SLM's Tractor Trailer, carrying 39,000 lbs. of yogurt ("Cargo") rolled over and became totally disabled.

68. The trailer was ripped open exposing Cargo.

69. On February 14, 2019, Manougian, SLM, and Custard as SLM's agent falsely represented to World Truck that they would pay for all services related to the recovery, clean up, tow and storage related to World Truck's Cargo Services.

70. On February 14, 2019, Manougian, SLM, and Custard knowingly made false representations to World Truck that they would pay for all Cargo Services.

71. On March 12, 2019, 3PL as agent for Stonyfield authorized the destruction and disposal of the Cargo and further assumed liability for World Truck's Cargo Services.

72. On February 14, 2019, and again on March 12, 2019, World Truck, in justifiable reliance upon the promises of defendants Manougian, SLM, Custard, ASA, Stonyfield, and 3PL fully performed the removal, storage and disposal of the Cargo.

73. Accordingly, World Truck has been damaged in excess of $75,000, plus an additional addition accruing storage charges, punitive damages and attorneys' fees for all Defendants' knowing fraud.

## COUNT FIVE
## ALTERNATIVE PLEADING
## QUANTUM MERUIT
## ALL DEFENDANTS

74. World Truck incorporates the above paragraphs as if fully re-written herein.

75. The services provided by World Truck were performed with the knowledge of Defendants.

76. Defendants accepted and used services provided by World Truck.

77. As a result of Defendants' failure to pay for the services rendered by World Truck, World Truck has been damaged in an amount of the outstanding remaining balances in excess of $200,000, plus an additional amount for storage that is still accruing due to continued storage, along with interest, costs and attorneys' fees.

## COUNT FOUR
## ALTERNATIVE PLEADING
## UNJUST ENRICHMENT
## ALL DEFENDANTS

78. World Truck incorporates the above paragraphs as if fully re-written herein.

79. Defendants knew that they were receiving the benefit of services provided by World Truck and allowed World Truck to provide such services.

80. World Truck's services conferred a substantial benefit on Defendants.

81. Defendants received and retained the full benefit of the services performed by World Truck.

82. Defendants' knowing retention of the benefits conferred to them by World Truck by Defendants is with ill-will and further retention of those benefits is unjust under all reasonable circumstances.

83. As a result, Defendants have been unjustly enriched by having received and retained the benefit of the service of World Truck while not paying the fair market and reasonable value for in excess of $75,000, plus an additional amount for storage that is still accruing due to continued storage, along with interest, costs and attorneys' fees.

## COUNT FOUR
## ALTERNATIVE PLEADING
## PROMISSORY ESTOPPEL
## ALL DEFENDANTS

84. World Truck incorporates the above paragraphs as if fully re-written herein.

85. Defendants agreed to purchase and promised to pay for services performed by World Truck.

86. World Truck relied on Defendants' promises to pay for the services. Based on this reliance World Truck performed the services for the benefit of Defendants.

87. It was reasonable for world Truck to rely on the representations of the Defendants that they would pay for the services that it received from World Truck.

88. World Truck relied, to its detriment, on the premise made by Defendants to pay for the services in an amount of the outstanding balance of $149,473.91, plus an additional amount for storage that is still accruing due to the continued storage, along with interest, costs and attorneys' fees.

**WHEREFORE,** World Truck, prays for judgment against the Defendants, jointly and severally, in an amount in excess of $75,000, exclusive of interest and costs, for services performed at the request of and on behalf of Defendants, plus an additional amount for storage that is still accruing, punitive damages, costs, attorneys' fees and such other relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Edward A. Proctor
Edward A. Proctor (0069877)
KIM AND ASSOCIATES, LLC
4100 Embassy Pkwy., Suite 200
Akron, Ohio 44333
PH: (330)396-7900 – FX: (330)396-7901
eprotcor@kimassociateslaw.com
*Attorney for Plaintiffs*

**Jury Demand**

Plaintiffs demand a trial by jury as to all claims so triable in this action.

Respectfully submitted,

/s/ Edward A. Proctor
Edward A. Proctor (0069877)
KIM AND ASSOCIATES, LLC
4100 Embassy Pkwy., Suite 200
Akron, Ohio 44333
PH: (330)396-7900 – FX: (330)396-7901
eprotcor@kimassociateslaw.com
*Attorney for Plaintiffs*